**VIKAS BAJAJ**
Law Office of Vikas Bajaj
225 Broadway, Suite 2200
San Diego, California  92101
Phone: (619) 525-7005
Facsimile: (619) 232-0001
Email: vbajaj@bajajlaw.com
California State Bar Number 216464

Attorney for Defendant:
**DAVID TRUNG NGUYEN**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE LARRY A. BURNS)

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff<br><br>v.<br><br>**DAVID TRUNG NGUYEN**<br><br>Defendant | Case No.: 07CR03040-LAB<br><br>**MOTIONS TO:**<br><br>1. **COMPEL DISCOVERY**<br>2. **LEAVE TO FILE FURTHER MOTIONS**<br><br>Date:  December 17, 2007<br>Time:  2:00 p.m. |

**STATEMENT OF FACTS**

On October 15, 2007, a complaint was filed against DAVID TRUNG NGUYEN, for alleged violations of Title 21 United States Code section 841(a)(1), and Title 18 United States Code section 924(c).  State law enforcement personnel conducted the majority of the investigation in this case.

///

///

///

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

The instant request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I).

(3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility

of the Government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). This request includes, but it not limited to the following:

    (a) All promises, inducements, or threats made to gain cooperation in the investigation or prosecution of Mr. Nguyen as they relate to instant case;

    (b) Nature of any past or present relationship between any witness, including any cooperating witness, and federal agencies; relationships coming to fruition as a result of the investigation resulting in the instant indictment as well as relationships created during earlier investigations and non-related indictments are requested;

    (c) All benefits, including, but not limited to, financial, property interests, criminal sentence reductions, whether one-time or ongoing, requested or given to any potential witness at any point in time;

    (d) All ongoing negotiations with potential trial witnesses regarding any benefits, including, but not limited to, financial, property interests, criminal sentence reductions, whether one-time or ongoing.

(4) Any Information That May Result in a Lower Sentence Under The Guidelines. The Government must produce this information under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) The Defendant's Prior Record. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(c)) and Fed. R. Evid. 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance

1  of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under
2  Fed. R. Evid. 404(B) at trial.  The defendant requests that such notice be given immediately, as the
3  beginning of is fast approaching, in order to give the defense time to adequately investigate and
4  prepare for trial.

5  (7) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of
6  any search, either with or without a warrant.  Fed. R. Crim. P. 16(a)(1)(c).

7  (8) <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the
8  preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the
9  possession, custody, or care of the Government and which relate to the arrest or the events leading
10 to the arrest in this case.

11 (9) <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well
12 as test, if necessary, all other documents and tangible objects, including photographs, books, papers,
13 documents, fingerprint analyses, toxicology analyses, vehicles, or copies of portions thereof, which
14 are material to the defense or intended for use in the Government's case-in-chief or were obtained
15 from or belong to the defendant.  Fed. R. Crim. P. 16(a)(2)(c)).

16 (10) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any
17 prospective Government witness is biased or prejudiced against the defendant, or has a motive to
18 falsify or distort his or her testimony.

19 (11) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective
20 Government witness has engaged in any criminal act whether or not resulting in a conviction and
21 whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed R. Evid. 608, 609
22 and 613; <u>Brady v. Maryland</u>, <u>supra</u>..  See paragraph (3).

23 (12) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant
24 requests any evidence that any prospective witness is under investigation by federal, state or local
25 authorities for any criminal conduct.

26 (13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.
27 The defense requests any evidence, including any medical or psychiatric report or evaluation, that
28 tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the

1 truth is impaired, and any evidence that a witness has ever used narcotics or other controlled
2 substance, or has ever been an alcoholic.

3 (14) <u>Witness Addresses</u>. The defendant requests the name and last known address of each
4 prospective Government witness. The defendant also requests the name and last known address of
5 every witness to the crime or crimes charged (or any of the overt acts committed in furtherance
6 thereof) who will <u>not</u> be called as a Government witness.

7 (15) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of
8 any witness who made an arguably favorable statement concerning the defendant or who could not
9 identify him or who was unsure of his identity, or participation in the crime charged.

10 (16) <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any statement
11 relevant to any possible defense or contention that he might assert.

12 (17) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all
13 material, including dispatch tapes, which the government must produce pursuant to the Jencks Act,
14 18 U.S.C. section 3500. Advance production will avoid the possibility of delay at the request of
15 defendant to investigate Jencks material. A verbal acknowledgment that "rough" notes constitute
16 an accurate account of the witness' interview is sufficient for the report or notes to qualify as a
17 statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In
18 <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent
19 goes over interview notes with the subject of the interview the notes are then subject to the Jencks
20 Act.

21 (18) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the
22 defendant requests all statements and/or promises, express or implied, made to any Government
23 witnesses, in exchange for their testimony in this case, and all other information which could
24 arguably be used for the impeachment of any Government witnesses. See paragraph (3).

25 (19) <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery
26 regarding any express or implicit promise, understanding, offer of immunity, of past, present, or
27 future compensation, or any other kind of agreement or understanding, including any implicit
28

understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness. This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(20) Informants and Cooperating Witnesses. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses, including used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Nguyen. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(21) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(22) Government Examination of Law Enforcement Personnel Files. Mr. Nguyen requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Nguyen requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial.

This Court should therefore order the Government to review all such files for all testifying

1  witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Nguyen
2  prior to trial. Mr. Nguyen specifically requests that the prosecutor, not the law enforcement officers,
3  review the files in this case. The duty to review the files, under Henthorn, should be the
4  prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply
5  with this request.

6  (23) Expert Summaries. Defendant requests written summaries of all expert testimony that
7  the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case
8  in chief, written summaries of the bases for each expert's opinion, and written summaries of the
9  experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E). .

10  (24) Training Manuals. Federal agencies have made a conscious decision to avoid either
11  videotaping or audio-taping their agents' interrogations of suspects arrested at the border. This
12  decision to deliberately avoid making any record of (1) the tactics used to elicit these purported
13  confessions, and (2) the statements actually made by suspects during these interrogations, has led
14  to a tremendous amount of litigation concerning the validity of the alleged statements made during
15  these secret interrogations. The decision to refrain from making any actual record of these closed-
16  door interrogations calls into question the validity of the alleged confessions obtained during these
17  sessions. It is therefore essential that defense counsel know the techniques the agents are trained to
18  use to elicit these confessions in order to allow counsel to conduct a proper voluntariness hearing.

19  Consequently, Mr. Nguyen moves this Court for an order requiring that the government
20  provide him with copies of any and all training manuals, handbooks, or any other materials utilized
21  by the academies/ schools at which federal law enforcement agents are trained that pertain to the
22  subject of questioning and/or interrogating suspects. This request includes, but is not limited to, any
23  manuals, handbooks, or other materials that relate to interrogation techniques, interview techniques,
24  and so-called "suggestive" questioning utilized in the training of federal law enforcement agents.
25  Mr. Nguyen requests both the current manuals and the manuals that existed at the time the agents
26  involved in this interrogation received their training.

27  (25) Reliability of any narcotic dog used in his arrest. Mr. Nguyen requests that the
28

1 government provide him discovery regarding the reliability of any narcotics detector dog used in his 2 arrest. This includes all reports, evaluations, etc., concerning his reliability, and the number of times 3 he has given "false positive" responses compared to the number of times he has given accurate 4 responses. See United States v. Cedano-Arellano 332 F.3d 568 (9th Cir. 2003).

5     (26) Residual Request. Mr. Nguyen intends by this discovery motion to invoke his rights 6 to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the 7 Constitution and laws of the United States. This request specifically includes all subsections of Rule 8 16. Mr. Nguyen requests that the Government provide him and his attorney with the above requested 9 material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## II.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

13     Mr. Nguyen and defense counsel have not received all the discovery in this case. As new 14 information comes to light, the defense may find it necessary to file further motions. Therefore, 15 defense counsel requests the opportunity to file further motions based upon information gained from 16 discovery.

## VI.

### CONCLUSION

19     For the reasons stated above, Mr. Nguyen respectfully requests that this Court grant the 20 foregoing motions.

22 Date:        November 28, 2007            Respectfully submitted,

25                                            /s/ Vikas Bajaj
                                             **VIKAS BAJAJ**
26                                           Attorney for Defendant
                                             **DAVID TRUNG NGUYEN**