KAREN P. HEWITT
United States Attorney
PETER KO
California Bar No. 191994
Assistant United States Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Tel.: (619) 557-6618
Fax: (619) 557-3445
Email: peter.ko2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              v.<br><br>DAVID TRUNG NGUYEN,<br><br>              Defendant | ) No. 07CR3040-LAB<br>)<br>) DATE:     Dec. 17, 2007<br>) TIME:     2:00 pm<br>)<br>) GOVERNMENT'S RESPONSE TO<br>) NGUYEN'S MOTION TO COMPEL<br>) DISCOVERY<br>)<br>) |

The United States of America, by its counsel, responds as follows to Nguyen's motion to compel discovery.

**I**

**DISCUSSION**

**A.  NGUYEN'S DISCOVERY MOTION SHOULD BE GRANTED OR DENIED AS SET FORTH BELOW**

Nguyen has moved to compel discovery. We will provide discovery in accordance with Fed. R. Crim. P. 16 and 26.2, the Jencks Act (18 USC 3500), and Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. As a legal matter, we oppose his motion to the extent it seeks discovery beyond the boundaries of those authorities, and the reasons for our opposition to certain specific requests are set forth below.

This response has three caveats. First, we recognize our obligations under Brady and its progeny take precedence and may at times require us to disclose evidence, documents, or objects not otherwise discoverable. Second, several items Nguyen seeks were disclosed November 1,

2007 or shortly thereafter, and we will continue to provide discovery without judicial intervention. Third, while our positions in this response are based strictly on legal merit, in practice we are aware of the value of open discovery and already have disclosed, and will continue to disclose, far more than required by law. As to Nguyen's specific requests:

| **REQUEST** | **RESPONSE** |
|---|---|
| 1. All "copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant" | Should be GRANTED to extent covered by Fed. R. Crim. P. 16(a)(1)(A) (substance of defendant's oral statements in response to government interrogation) and 16(a)(1)(B) (defendant's relevant written or recorded statements, written records containing substance of defendant's oral statements in response to government interrogation, and defendant's grand jury testimony). Should be DENIED otherwise–e.g., to extent requests substance of "any" statements by defendant, substance of oral statements *not* in response to interrogation, and "any other statements by" defendant. Not authorized by Rule 16. |
| 2. "[A]ll arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding [Nguyen's] arrest or any questioning" including "any rough notes, records, reports, transcripts, or other documents in which Defendant's statements or any other discoverable material is contained." | Should be GRANTED to the extent items are discoverable under recognized authority such as Rule 16–e.g., reports about defendants' post-arrest statements would be discoverable under Rule 16(a)(1)(A)–and DENIED otherwise. As discussed below, case cited (Brady) is not a discovery authority and, in any case, applies only if the item is material, i.e., "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). Nguyen makes no showing or even claim of materiality. In addition, much in request is barred by Fed. R. Crim. P. 16(a)(2) ("reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not discoverable) |

| REQUEST | RESPONSE |
|---|---|
| 3. Papers and tangible evidence "favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case."<br><br>4. Information that may result in a lower sentence under the Guidelines.<br><br>10. Evidence "any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his testimony."<br><br>11. Evidence "any prospective Government witness has engaged in any criminal act" and "whether any witness has made a statement favorable to the defendant."<br><br>12. Evidence "any prospective witness is under investigation" for "any criminal conduct."<br><br>13. Evidence that "tends to show any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic."<br><br>15. "Name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged."<br><br>18. "[A]ll statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses."<br><br>19. Promises of immunity, compensation, or otherwise for any government witness. | Should be DENIED AS MOOT.  These requests–to the extent they have any legal basis–fall under the ambit of <u>Brady</u>, i.e., evidence materially favorable to the defense.  The prosecution always must disclose such evidence.  An order to comply with <u>Brady</u> would direct the prosecution to do what is already required by law and have no practical effect.  See <u>United States</u> v. <u>Washington</u>, 669 F. Supp. 1447, 1451 (N.D.Ind. 1987) (<u>Brady</u> is a "judicial remedy" not a "discovery device"; "When the prosecution fails to divulge material evidence of an exculpatory nature, the defendant's right to due process is violated.  The constitution requires the prosecution to observe this right with vigilance: a court order is unnecessary since the duty to protect the right already exists.  An order to produce <u>Brady</u> materials makes as little sense as an order to preserve the accused's right to be free from unreasonable searches and seizures"). |
| 5. Copy of Nguyen's prior record. | Should be GRANTED.  Fed. R. Crim. P. 16(a)(1)(D). |
| 6. Evidence of prior similar acts and notice before trial of 404(b) evidence. | Should be DENIED AS MOOT.  We are not aware of any potential 404(b) evidence. |

| REQUEST | RESPONSE |
|---|---|
| 7. "[P]roduction of evidence seized as a result of any search, either with or without a warrant."<br><br>9. Inspect and copy "all documents and tangible objects . . . material to the defense or intended for use in the Government's case-in-chief or . . . obtained from or belong to" Nguyen. | Should be GRANTED to extent consistent with Rule 16(a)(1)(E) (papers, data, objects, and locations in government's control if material to preparing defense, intended to be used in government's case-in-chief, or obtained from or belongs to defendant) and DENIED otherwise. |
| 8. Preservation of evidence. | Should be GRANTED. |
| 14. Name and last known address of each prospective Government witness. | Should be DENIED.  Witness lists are not authorized by Rule 16 and were expressly rejected by the rules conference.  Fed. R. Crim. P. 16, advisory committee notes (1975 Enactment) ("'it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial'"), reprinted in Federal Criminal Code and Rules at 107 (West 2006 ed.).  Also prohibited by circuit law.  See United States v. Hicks, 103 F.3d 837, 841 (9th Cir.1996) ("[a] district court that orders the Government and the defendant to exchange witness lists . . . has exceeded its authority under Rule 16 . . . and has committed error"). |

| REQUEST | RESPONSE |
|---|---|
| 14. Name and last known address of "every witness to the crime or crimes charged . . . who will not be called as a Government witness." | Should be DENIED.  No authority cited. Only United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984) arguably supports such a request.  Cadet found no abuse of discretion in granting a similar request, reasoning "it was quite appropriate for the district court to conclude from the fact that the government did not intend to call a witness to the crime that there was a reasonable possibility that such person would be able to provide evidence favorable to the defense," because "[t]he government offered no evidence to rebut this logical inference."  727 F.2d at 1469.<br><br>As Cadet suggests, courts have discretion to issue such orders, and we oppose a similar order here.  First, we oppose the request because it is not grounded in any Rule or statute-based authority, not because we believe such witnesses have information materially favorable to the defense (at this time, we are not aware of witnesses with information materially favorable to the defense; indeed, most witnesses in this case are law enforcement officers, and many will not be called simply because their testimony would be cumulative).<br><br>Second, as noted above, if the prosecution knows or reasonably could know about a witness with material, favorable evidence for the defense, it is already obligated to disclose that information under Brady.  Thus, the concern driving Cadet–forcing the government to disclose material evidence favorable to the defense–is already addressed by law. |
| 16. "Any statement relevant to any possible defense or contention [Nguyen] might assert." | Should be DENIED AS MOOT or DENIED. To the extent this covers Brady material, we are already required to produce it, as discussed above.  To the extent this addresses material outside Brady, no authority cited, and not authorized by Rule 16 or any other authority we are aware of. |

| **REQUEST** | **RESPONSE** |
| --- | --- |
| 17. Advance production of Jencks material. | Should be DENIED.  Advance production of witness statements (including, if they qualify, rough notes) violates Rule 26.2 and Jencks, 18 U.S.C. 3500, which authorize disclosure only after a witness testifies on direct.  Courts cannot modify this time limit: orders "inconsistent with the express provision[s] of the Jencks Act [are] unenforceable."  <u>United States</u> v. <u>Taylor</u>, 802 F.2d 1108, 1118 (9th Cir. 1986). |
| 20. Names and address of all informants or cooperating witnesses. | Should be DENIED.  Even if there exist informants or cooperating witnesses, law enforcement has a qualified privilege to withhold from disclosure the identity of persons who furnish information."  <u>United States</u> v. <u>Amador-Galvan</u>, 9 F.3d 1414, 1417 (9th Cir. 1993).  There are two hurdles to obtain a cooperator's identity.  First, Nguyen must "make[] a minimal threshold showing that disclosure would be relevant to at least one defense" to obtain an in camera hearing about whether disclosure is necessary. <u>United States</u> v. <u>Henderson</u>, 241 F.3d 638, 645 (9th Cir. 2001) (internal quotation marks omitted); see also <u>United States</u> v. <u>Williams</u>, 898 F.2d 1400, 1402 (9th Cir. 1990). ("a mere suspicion that the information will prove helpful will not suffice").  Second, if such a showing is made, at the hearing Nguyen still "bears the burden of demonstrating the need for disclosure" (<u>ibid.</u>), i.e., he must establish the cooperator's identity would "be relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."  <u>Roviaro</u> v. <u>United States</u>, 353 U.S. 53, 60-61 (1957).  This requires that the court "balance 1) the extent to which disclosure would be relevant and helpful to the defendant's case, and 2) the government's interest in protecting the identity of a particular informant." <u>United States</u> v. <u>Spires</u>, 3 F.3d 1234, 1238 (9th Cir. 1993).  Nguyen fails even to claim, much less show, how disclosure of a cooperator's identity might be relevant to his defense. |

| REQUEST | RESPONSE |
|---|---|
| 21. Any information indicating bias on the part of any informant or cooperating witness. | Should be DENIED. Even if there exist informants or cooperating witnesses, the requested information bears on credibility only and thus is relevant and discoverable only for actual, not potential, witnesses. See United States v. Villareal, 752 F. Supp. 851, 853 (N.D. Ill. 1991) ("the government is under no obligation at any time to provide impeachment evidence for non-witnesses"). We do not intend to call any informants or cooperators at trial, so such information is not discoverable. |
| 22. Examination of government personnel files for impeachment evidence. | Should be GRANTED. United States v. Henthorn, 931 F.2d 29, 30-31 (9th Cir. 1991). |
| 22. That prosecutor review the personnel files. | Should be DENIED. Courts cannot order personal review by prosecutor. United States v. Jennings, 960 F.2d 1488, 1490-92 (9th Cir. 1992). |
| 23. Summaries of expert testimony. | Should be GRANTED. Fed. R. Crim. P. 16(a)(1)(G). |
| 24. Training manuals for federal agents that "pertain to the subject of questioning and/or interrogating suspects." | Should be DENIED. Not authorized by any rule, and the issue is irrelevant because 1) no federal agents conducted interrogations in this case, and 2) Nguyen made no statements. |
| 25. "[D]iscovery regarding the reliability of any narcotics detector dog used in his arrest." | Should be DENIED. No dog was used in Nguyen's arrest. |

## III

## CONCLUSION

Nguyen's motion should be granted and denied as set forth above.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Peter Ko

PETER KO
Assistant U.S. Attorney
Attorneys for United States of America
Email: peter.ko2@usdoj.gov

DATED: Dec. 10, 2007

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 07CR3040-LAB |
|---|---|
| | ) |
| | ) CERTIFICATE OF SERVICE |
| v. | ) |
| | ) |
| DAVID TRUNG NGUYEN, | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |

IT IS HEREBY CERTIFIED THAT:

    I, Peter Ko, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of the attached Response on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Vikas Bajaj

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on Dec. 10, 2007.

                                            s/Peter Ko

                                            PETER KO